NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILDEARTH GUARDIANS, a non-profit organization; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DEB HAALAND, as Secretary of the Department of the Interior; et al., <br><br> Defendants-Appellees, <br><br> NEW MEXICO DEPARTMENT OF GAME AND FISH, <br><br> Intervenor-Defendant-Appellee. | No.   22-15029 <br><br> D.C. No. 4:18-cv-00048-JGZ <br><br> MEMORANDUM[*] |
| CENTER FOR BIOLOGICAL DIVERSITY; et al., <br><br> Plaintiffs-Appellants, <br><br> and <br><br> WILDEARTH GUARDIANS, a non-profit organization; WESTERN WATERSHEDS PROJECT, a non-profit organization, | No.   22-15091 <br><br> D.C. Nos.   4:18-cv-00047-JGZ <br> 4:18-cv-00048-JGZ |

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs,

v.

DEB HAALAND, as Secretary of the Department of the Interior; et al.,

Defendants-Appellees,

and

NEW MEXICO DEPARTMENT OF GAME AND FISH,

Intervenor-Defendant-Appellee.

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted June 5, 2023
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and MOLLOY,[**] District Judge.

Plaintiffs WildEarth Guardians, Center for Biological Diversity, and other environmental organizations and allied individuals (collectively the Conservation Groups) appeal the district court's dismissal of their claims alleging that the 2017 Mexican Gray Wolf Recovery Plan (the 2017 Plan) failed to comply with certain

---

[**] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

mandates of the Endangered Species Act (ESA). *See* 16 U.S.C. § 1533(f)(1). In 2022, while this appeal was pending, the Fish and Wildlife Service issued an updated recovery plan (the 2022 Plan). Because the 2017 Plan has now been superseded by the 2022 Plan, we dismiss this appeal as moot.

We review the mootness of a case de novo. *Wilson v. Lynch*, 835 F.3d 1083, 1091 (9th Cir. 2016). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (quoting *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) (per curiam)). "An action 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Id.* (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

This case is moot because effective relief can no longer be granted. The Conservation Groups challenged the adequacy of the 2017 Plan, which no longer has any legal effect. *See Chafin*, 568 U.S. at 172 ("[A] suit becomes moot[] 'when . . . the parties lack a legally cognizable interest in the outcome'" (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). It is well established that the supersession of an agency order moots any challenges to the original order. *See Grand Canyon Tr. v. United States Bureau of Reclamation*, 691 F.3d 1008, 1017 (9th Cir. 2012), *as amended* (Sept. 17, 2012) (collecting cases in which "the

issuance of a superseding [biological opinion under the ESA] moots issues on appeal relating to the preceding [biological opinion]").

In arguing that this case continues to present a live controversy, the Conservation Groups rely on *350 Montana v. Haaland*, 50 F.4th 1254 (9th Cir. 2022). In that case, the plaintiffs challenged the Department of Interior's approval of a mine expansion, arguing that the 2018 Environmental Assessment (EA) underlying the approval was flawed. *Id.* at 1261. The plaintiffs prevailed in part in the district court, which vacated the 2018 EA, directing the agency to consider an additional risk. *Id.* The district court did not vacate the mine-expansion approval. *Id.* While the plaintiffs' appeal was pending, the agency issued a revised 2020 EA, which expressly incorporated the 2018 EA, but added a discussion of the additional risk in accordance with the remand order. *Id.*; *see also id.* at 1264. We held that the appeal was not moot because "[t]he 2018 EA pertaining to the Mine Expansion ha[d] neither disappeared nor been replaced," but instead "[t]he relevant portions of it were expressly incorporated into the 2020 EA and reissued" such that "we retain[ed] the ability to order relief." *Id.* at 1264.

This case differs from *350 Montana* in two ways. First, the 2020 EA in *350 Montana* remained unchanged from the 2018 EA in all respects "[s]ignificant for purposes of th[e] appeal." 50 F.4th at 1264; *see also Kescoli v. Babbitt*, 101 F.3d 1304, 1308–09 (9th Cir. 1996) (concluding that a challenge to a permit condition

4

was not moot because the relevant challenged condition had been reiterated in the new permit). By contrast, the 2022 Plan altered aspects of the 2017 Plan that may be relevant to the Conservation Groups' challenges. For instance, the Conservation Groups seek review of whether the recovery plan provides for the "conservation and survival" of the species. *See* 16 U.S.C. § 1533(f)(1). That question cannot be answered by reviewing one part of the plan in isolation; it requires a holistic assessment of how the entire plan works together to ensure the survival of the species. *See* 16 U.S.C. § 1532(3) (defining "conservation" as "the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to [the ESA] are no longer necessary"). Therefore, even if the changes to the 2022 Plan are modest, those changes, and the record that supported them, are relevant to determining whether "all methods and procedures" are being used to conserve the Mexican gray wolf.

Similarly, the Conservation Groups argue that certain aspects of the recovery plan are not based on the "best available science." But whether a decision was based on the best available science is inherently a time- and record-based inquiry. Even if most of the 2022 Plan is unchanged from the 2017 Plan, whether a plan developed in 2017 used the best science available at the time is not determinative of whether a plan developed five years later also used the best available science.

5

Second, the court in *350 Montana* retained the ability to grant relief because the plaintiffs challenged not only the EA, which had been vacated, but also the underlying approval of the mine expansion, which had not. 50 F.4th at 1260–61, 1264. In this case, by contrast, the relief the Conservation Groups seek is for the court to "[i]ssue a declaratory judgment that Defendants' adoption of the 2017 Recovery Plan for Mexican gray wolves violates section 4(f) of the ESA" and "[r]emand the 2017 Recovery Plan for Mexican gray wolves to Defendants." That relief would have no effect because the 2017 Plan no longer exists.

**DISMISSED.**